```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                   :
UNITED STATES OF AMERICA                                           :
                                                                   :     CONSENT PRELIMINARY ORDER
              - v. -                                               :     OF FORFEITURE AS TO SPECIFIC
                                                                   :     PROPERTY/
GARRY LAFOREST,                                                    :     MONEY JUDGMENT
                                                                   :
              Defendant.                                           :     21 Cr. 272 (CM)
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about April 26, 2021, GARRY LAFOREST (the "Defendant"), among others, was charged in a three-count Indictment, 21 Cr. 272 (CM) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment and, various specific property;

WHEREAS, on or about May 7, 2021, seizure warrants were issued by the Hon. Katharine H. Parker, United States Magistrate Judge, authorizing the Government to seize various property (the "Seizure Warrants");

WHEREAS, pursuant to the Seizure Warrants, the Government seized, among other things, the following property:

    a. One 2019 Chevrolet Corvette ZR-1 bearing VIN 1G1Y42D9XK5801366;

    b. One 2020 Ford Shelby GT500 bearing VIN 1FA6P8SJ6L5501627;

    c. $4,354.95 in United States currency, formerly on deposit in TD Bank, N.A. account number 4277377466 in the name of the Prive Group LLC;

    d. $914,640.64 in United States currency, formerly on deposit in TD Bank, N.A. account number 4339985496 in the name of the Prive Hospitality Group LLC;

    e. $8,997.16 in United States currency, formerly on deposit in JP Morgan Chase Bank, N.A. account number 226099163 in the name of Laforest Consulting Inc.;

    f. $120,200.20 in United States currency, formerly on deposit in Robinhood Securities LLC account number 423563741 held in the name of Sanjay Laforest, as the clearing broker for Robinhood Financial LLC or At Cash Management ACH account number 40902423563741 managed by Robinhood Securities and Robinhood Financial;

    g. $81.29 in United States currency, formerly on deposit in Bank of America, N.A. account number 483069015129 in the name of Tatiana Laforest;

    h. $10.99 in United States currency, formerly on deposit in Bank of America, N.A. account number 483069015161 in the name of Tatiana Laforest;

    i. $740.19 in United States currency, formerly on deposit in TD Bank, N.A. account number 4338908548 in the name of Tatiana Laforest; and

    j. $6,487.32 in United States currency, formerly on deposit in Robinhood Securities LLC account number 687147108 held in the name of Tatiana Laforest, as the clearing broker for Robinhood Financial LLC;

(a. through j., collectively, the "Seized Property");

WHEREAS, on or about May 12, 2021, the Government conducted a judicially authorized search of a residence at 101st Avenue, Queens Village, New York, and seized the following property:

a. One Tag Heuer 2000 WN1153 Professional Watch Men's 18K Rose Gold Silver 2-Tone;

b. One Cartier Roadster Chronograph Automatic OR 750/ACIER 18K Gold & Steel Men's 2618;

c. One Omega Constellation Chronometer Men's Watch Automatic Steel/Gold;

d. One Rolex Oyster Perpetual Lady DateJust Gold Stainless Steel with Diamond Bezel;

e. One Omega Constellation Ladies 18K Yellow Gold Stainless Steel Diamond Bezel Watch;

f. One Lucien Picard Silver, square, men's watch;

g. One Bulova Marine Star 100m, w/ broken silver bracelet;

h. One Bulova Marine Star 100m, w/ leather strap;

i. One Bulova Women's silver watch with gold looking arms silver bracelet;

j. One Bulova Marine Star 100m, w/ silver and gold bracelet and blue and gold bezel;

k. One Invicta Men's Watch 22448 Bolt Zeus Black Dial Chronograph Dial Gold Tone Steel;

l. Citizen Eco-Drive men's watch 200m with silver bracelet; and

m. Citizen Eco-drive women's watch with gold like bezel and arms;

(a. through m., collectively, "Seized Jewelry-1");

WHEREAS, on or about May 12, 2021, the Government conducted a judicially authorized search of the Defendant's residence in Parkland, Florida, and seized the following property:

a. One Stainless Steel Cartier Roadster large silver dial men's watch; Model number: W62025V3; Serial number: 2510 230669CE ("Seized Jewelry-2");

WHEREAS, on or about May 14, 2021, the Government filed a Forfeiture Bill of Particulars giving notice that the property subject to forfeiture as a result of the offense charged in Count Two of the Indictment, includes the following asset:

    a.    all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 6805 NW 70th Place, Pompano Beach, FL 33067, owned by SABITRI LAFOREST and GARRY LAFOREST (the "Pompano Beach Property");

WHEREAS, on or about November 11, 2021, the Government filed a Verified Complaint for Forfeiture, 21 Civ. 9324 (VSB) (the "Civil Action") seeking forfeiture of the following:

    a.    $668.02 in United States currency, formerly on deposit in Citibank, N.A. Account 4897896885, held in the name of Chad Laforest;

    b.    $4,741.82 in United States currency, formerly on deposit in Citibank, N.A. Account ending 6894, held in the name of Chad Laforest;

    c.    $555.07 in United States currency, formerly on deposit in TD Bank Account 4345668101, held in the name of Chad Laforest;

    d.    $6.11 in United States currency, formerly on deposit in Bank of America, N.A. Account 4850449066, held in the name of Ashley Willhite;

    e.    $14.40 in United States currency, formerly on deposit in Bank of America, N.A. Account 483030632324, held in the name of David Laforest;

    f.    $726.55 in United States currency, formerly on deposit in Citibank, N.A. Account 4989228629, held in the name of David Laforest;

    g.    $20.75 in United States currency, formerly on deposit in Citibank, N.A. Account ending 8637, held in the name of David Laforest;

    h.    $6,688.18 in United States currency, formerly on deposit in Robinhood Securities LLC, as the clearing broker for Robinhood Financial LLC, Account 741386841 held in the name of Chad Laforest; and

    i.    $6.67 in United States currency, formerly on deposit in Robinhood Securities LLC, as the clearing broker for Robinhood Financial LLC, Account 865871438, held in the name of David Laforest;

(a. through g., collectively, the "Forfeited Property");

WHEREAS, on or about February 24, 2022, the Court entered a Judgment of Forfeiture in the Civil Action, forfeiting the Forfeited Property to the United States;

WHEREAS, on or about February 21, 2023, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money to be determined by the Court, representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment; and (ii) all right, title and interest of the Defendant in the specific property listed in the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $17,184,223,63 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants, Sabitri Laforest, Tatiana Laforest, and Sanjay Laforest (the "Co-defendants") to the extent forfeiture money judgments are entered against the Co-defendants in this case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following items, which constitute proceeds of the offense charged in Count Two of the Indictment that the Defendant personally obtained:

    a. the Pompano Beach Property;

    b. the Seized Property;

      c. Seized Jewelry-1; and

      d. Seized Jewelry-2;

(a. through d., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Matthew R. Shahabian of counsel, and the Defendant and his counsel, Thomas F.X. Dunn, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $17,184,223.63 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants in this case, shall be entered against the Defendant.

2. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant GARRY LAFOREST, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Department of Treasury is authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site,

www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture, and the Forfeited Property, shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/                                              3/14/2023
   Matthew R. Shahabian                DATE
   Assistant United States Attorney
   One St. Andrew's Plaza
   New York, NY 10007
   (212) 637-1046

GARRY LAFOREST

By: _____        5/23/23
   GARRY LAFOREST                    DATE

By: _____        6/16/23
   Thomas F.X. Funn, Esq.            DATE
   Attorney for Defendant
   225 Broadway, Suite 1515
   New York, NY 10007

SO ORDERED:

_____             6/16/23
HONORABLE COLLEEN MCMAHON              DATE
UNITED STATES DISTRICT JUDGE